UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURA GOMEZ,

    Plaintiff,

v.                                                    Case No. 8:25-cv-115-LSG

BIANCHI'S CONSTRUCTION
AND REMODELING, LLC,

    Defendant.
_____/

## ORDER

The plaintiff Laura Gomez sues the defendant Bianchi's Construction and Remodeling, LLC, under the Fair Labor Standards Act, 29 U.S.C. § 203, et seq., (the "FLSA") to recover unpaid compensation for overtime work. Doc. 1. In response to Gomez's claims, the parties negotiated and executed a settlement agreement, which they submit for court approval. Doc. 11 at 7–9. The parties consent to my jurisdiction for review of their proposed settlement agreement. Docs. 15, 16.

When an employee sues her employer under Section 216(b) of the FLSA, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). To determine the fairness of a proposed settlement, the Court considers,

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage

of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2009). (quoting *Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at *3 (M.D. Fla. Apr. 2, 2007). A proposed settlement warrants approval only if it is "a fair and reasonable resolution of a bona fide dispute" of the plaintiff's FLSA claim. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Gomez v. Cabinet Coating Kings, LLC, et al.*, No: 6:23-cv-2447-GAP-LHP, 2024 WL 4906024, at *2 (M.D. Fla Nov. 12, 2024). When a settlement agreement includes an amount for attorney's fees and costs, the court must review the reasonableness of counsel's fees to ensure both counsel's compensation and that no conflict of interest affects the plaintiff's recovery. *Gomez*, 2024 WL 4906024, at *2 (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam)). However, if the attorney's fees were "agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face," the court may approve the settlement without separately considering the reasonableness of the amount of attorney's fees. *Bonnetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

As discussed in the report and recommendation, Doc. 12, all parties are represented by counsel, and they negotiated a settlement based on the plaintiff's employment status, pay, and hours worked. Doc. 11 at 4. Gomez's complaint alleges that the defendant failed to compensate her at the prevailing minimum wage and for overtime work. Doc. 1. The parties agree to a total payment of $10,000, which

includes $2,685.00 in unpaid wages and $2,685.00 in liquidated damages. Doc. 11 at 5, 7–8. The total payment also includes $4,000.00 in attorney's fees and $630.00 in costs, which were negotiated separately from Gomez's recovery. Doc. 11 at 5, 8.

Upon review of the complaint, I find that the probability of success on the merits is uncertain, and each party bears significant litigation risk. *See Hydradry, Inc.*, 706 F. Supp. 2d at 1241. The agreed upon total is a reasonable compromise based on the range of possible recovery if the plaintiff prevailed at trial.[*] Therefore, I find that the parties' negotiated terms are "a fair and reasonable resolution of a bona fide dispute" under the FLSA. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Gomez*, 2024 WL 4906024, at *2.

Accordingly, the parties' "joint motion for approval of FLSA settlement and to dismiss case with prejudice," Doc. 11, is **GRANTED**, and the settlement agreement is **APPROVED**. *See Bonnetti*, 715 F. Supp. 2d at 1228. The plaintiff Laura Gomez's claims against the defendant Bianchi's Construction and Remodeling, LLC, are **DISMISSED WITH PREJUDICE.** The Clerk shall terminate all pending motions and close the case.

**ORDERED** in Tampa, Florida on the 29th day of July, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

---

[*] Gomez's earnings were between $3,000 and $5,760 for sixty-five to eighty-six hours of unpaid overtime over approximately five to eight weeks. Doc. 1 at 5–8.

3